**Leona HAILEY, Plaintiff–Appellant,**

v.

**NEW YORK CITY TRANSIT AUTHORITY, Defendant–Appellee.**

**No. 03–9321.**

United States Court of Appeals, Second Circuit.

June 22, 2005.

Ann Burton Goetcheus (Martin B. Schnabel, General Counsel, New York City Transit Authority, and Victor Levy, on the brief), Brooklyn, NY, for Appellee, of counsel.

PRESENT: WALKER, Chief Judge, LEVAL, Circuit Judge, and LYNCH, District Judge.[*]

## SUMMARY ORDER

Plaintiff-appellant Leona Hailey appeals from the October 24, 2003, judgment of the district court granting summary judgment in favor of defendant-appellee New York City Transit Authority ("NYCTA") and dismissing Hailey's complaint alleging employment discrimination under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112–17. We assume familiarity with the facts and with the issues raised on appeal.

We review the district court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to the non-moving party. *World Trade Ctr. Props., L.L.C. v. Hartford Fire Ins. Co.,* 345 F.3d 154, 165–66 (2d Cir.2003). Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). When, as here, a litigant is proceeding *pro se,* we construe that litigant's appellate briefs and other pleadings liberally and read such submissions to raise the strongest arguments they suggest. *See Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994). The rule favoring liberal construction of *pro se* submissions is

Leona Hailey, Brooklyn, NY, for Appellant, pro se.

[*] The Honorable Gerard E. Lynch, of the United States District Court for the Southern District of New York, sitting by designation.

especially applicable to civil rights claims. *See Weixel v. Bd. of Ed.*, 287 F.3d 138, 146 (2d Cir.2002). However, "conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment." *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir.1996).

Viewing the evidence in the light most favorable to Hailey, we conclude that, for substantially the reasons set forth in the district court's Memorandum and Order, summary judgment was properly granted to NYCTA. A review of the record discloses that Hailey did not offer evidence to substantiate her claims that the NYCTA subjected her to unequal terms and conditions of employment, failed to accommodate her disability, or failed to hire her as a station agent because of her disability. In view of Hailey's lack of evidence of discrimination, her concessions, and NYCTA's powerful evidence of Hailey's long history of attendance and other work-related problems, a factfinder could not reasonably find that Hailey carried her burden of proving that she was a victim of discrimination.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.